[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Bese Bolivar and Raymonde Moreau, contracted with the defendant, Blue Ridge Insurance Company, for "homeowners coverage" in July of 1996. (Complaint, Count One, ¶¶ 1-4.) The plaintiffs allege that the policy provides coverage for fire damage to a "building" they own which is located at 1300-1304 Howard Avenue, Bridgeport, Connecticut. (Count One, ¶ 6.) A fire damaged the plaintiffs' building in November of 1996, but the defendant has not paid the plaintiffs' claims made under the homeowners policy. (Count One, ¶¶ 7-10.)
On May 19, 1999, the defendant filed a motion for summary judgment on the ground that the plaintiffs cannot recover under the homeowners insurance policy for the fire damage because "the property for which the plaintiffs are seeking to recover is not a `residential premises,' and therefore is not a covered property." The plaintiffs filed an objection to the motion for summary judgment on June 10, 1999, on the ground that the policy does not require the plaintiffs to be residents of the 1300-1304 Howard Avenue Property. Alternatively, the plaintiffs object on the ground that the contract is ambiguous as to the meaning of "residence premises," and any ambiguity must be resolved in their favor.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that CT Page 13791 there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." (Internal quotation marks omitted.) Alvarez v. New HavenRegister, Inc., 249 Conn. 709, 714, ___ A.2d ___ (1999); see also Practice Book § 17-49 (formerly § 384). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999).
"[T]he interpretation of insurance contracts is a matter of law to be decided by the court . . . ." Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 322, 714 A.2d 1230 (1998). "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy . . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy . . . . It is axiomatic that a contract of insurance must be viewed in its entirety, and the intent of the parties for entering it derived from the four corners of the policy . . . . The policy words must be accorded their natural and ordinary meaning . . . [and] any ambiguity in the terms of an insurance policy must be construed in favor of the insured because the insurance company drafted the policy." (Citations omitted; internal quotation marks omitted.) Id., 324-25; see Peerless Ins.Co. v. Gonzalez, 241 Conn. 476, 482, 697 A.2d 680 (1997) ("If . . . `the insurance coverage is defined in terms that are ambiguous, such ambiguity is . . . resolved against the insurance company. Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted.'"). "[T]he general rule that ambiguous provisions in a contract are to be interpreted against the drafter . . . applies to contracts of insurance . . . as long as there is ambiguity inherent in the policy that emanate[s] from the language used in the contract rather than from one party's subjective perception CT Page 13792 of the terms." (Citation omitted; internal quotation marks omitted.) Imperial Casualty Indemnity Co. v. State, supra,246 Conn. 329. "A necessary predicate to this rule of construction . . . is a determination that the terms of the [insurance policy provision] are indeed ambiguous . . . . Thus, a court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . and [t]he fact that the parties advocate different meanings of [an insurance policy provision] does not necessitate a conclusion that the language is ambiguous." (Citations omitted; internal quotation marks omitted.) Peerless Ins. Co. v. Gonzalez, supra,241 Conn. 483; see Southeastern Connecticut Regional ResourcesRecovery Authority v. Dept. of Public Utility Control,244 Conn. 280, 291, 709 A.2d 549 (1998).
The subject homeowners policy provides in pertinent part:
"We cover:
1. the dwelling on the `residence premises' shown in the Declarations, including structures attached to the dwelling . . . ."
(Addendum to Defendant's Motion for Summary Judgment
["Addendum"], Ex. A, Section I: Property Coverages, Coverage A — Dwelling)
The Definitions section of the homeowners policy provides:
"`residence premises' means:
 a. the one family dwelling, used principally as a private residence, other structures, and grounds; or
 b. that part of any other building; where you reside and which is shown as the `residence premises' in the Declarations.
 `Residence premises' also means a two family dwelling, used principally as a private residence, where you reside in at least one of the family units and which is shown as the `residence premises' in the Declarations."
(Emphasis added.) (Addendum, Ex. A, Definitions, Item 14). CT Page 13793
The plaintiffs' policy also contains an "endorsement" which provides:
 "For an additional premium, the definition of `residence premises' is amended to include the three or four family dwelling described in the Declarations of this policy.
All other provisions of this policy apply." (Addendum, Ex. C)
The "Quick Reference" page found at the front of the plaintiffs' Homeowners Policy clearly provides that the information provided on the Declarations page is to include "[Insured's] Name," "Location of [Insured's] Residence," "Policy Period," "Coverages," "Amount of Insurance," and "Deductible" (Addendum, Ex. A) The only address listed on the Declarations page of the subject homeowners policy is 1300-1304 Howard Avenue, Bridgeport, Connecticut. This is the address identified as the `residence premises.' (Addendum, Ex. B, Declarations) Thus, the plaintiffs supplied address information on the Declarations page which identifies their residence as being in at least one of the units at 1300-1304 Howard Avenue premises.
It is apparent that the subject homeowners insurance policy, when read as a whole, was written to insure premises where the insured resides or dwells, as those terms are most commonly used. The term "homeowners policy," in and of itself, is not ambiguous. Rather, the common usage of the term implies insurance coverage for the insured's home, residence or dwelling. Moreover, the three variations of the term `residence premises' found in the Definitions section of the homeowners policy each require that the insured reside at said premises, or at least in a portion thereof. The definition varies only as to the type of dwelling; the requirement that the insured reside in at least a part of the premises is a constant. In addition, the term `residence premises,' as found in the Definitions section of the homeowners policy, requires both that the insured live in some portion of the insured dwelling and that this place where the insured resides must be identified as the `residence premises' in the Declarations. The additional provisions of the homeowners insurance policy, when the policy is read as a whole, further support these interpretations.
It is acknowledged that, when read by itself, the language of the "endorsement" found in the homeowners policy could be argued CT Page 13794 to be ambiguous. The policy, however, must be viewed in its entirety. Peerless Ins. Co. v. Gonzalez, supra, 241 Conn. 482. When read in light of the entire policy, with the understanding that the address identified in the Declarations page is the "location where [the insureds'] reside," it becomes clear that the term `residence premises' was amended by the endorsement to include the three or four family dwelling described as thelocation of the insureds' residence in the Declarations page of the homeowners policy. Thus, based on the foregoing analysis, it is clear that the term `residence premises,' as found in the endorsement to the subject homeowners insurance policy, requires, by definition, that the insureds reside at those premises.
The defendant has provided evidence that the plaintiffs have never resided at the 1300-1304 Howard Avenue property. Specifically, Question 16 of the defendant's interrogatories to the plaintiffs, and the plaintiffs' response thereto, are as follows:
 "16. State the dates during which you resided in the Howard Avenue property from the date of the purchase until November of 1996.
ANSWER: none."
(Addendum, Ex. D.)
Although the plaintiffs repeatedly allege that the defendant has wrongfully failed to investigate and to pay their claims made under the homeowners policy, the plaintiffs have failed to present any evidence which would support their claim that the subject homeowners policy provides coverage to a building which is not, in whole or in part, their "residence premises."
In conclusion, when read in the context of the homeowners policy as a whole, neither the term "residence premises" nor the endorsement is ambiguous, and the court cannot "torture words to import ambiguity." Peerless Ins. v. Gonzalez, supra,244 Conn. 291. The homeowners policy does not cover the 1300-1304 Howard Avenue premises because the plaintiffs do not reside, nor have they ever resided, at those premises. Accordingly, the defendant's motion for summary judgment is granted.
DAVID W. SKOLNICK, JUDGE CT Page 13795